11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Anthony L.
McCraney

Appellant

Vs.                   No.
11-02-00111-CR B Appeal from
Dallas County

State of Texas

Appellee

 

The jury convicted Anthony L. McCraney of aggravated
robbery, and the trial court assessed his punishment at confinement for 25
years.  We affirm.

Appellant=s court-appointed counsel has filed a
brief in which she conscientiously reviews the proceedings at trial and the
evidence presented.  Counsel stated that
she can find no point of error that can be supported by the record.

Counsel has furnished appellant with a copy of the brief and
has advised appellant of his right to review the record and file a pro se
brief.  A pro se brief has been
filed.  Counsel has complied with the
procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v.
State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807
(Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and
Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).

In his pro se brief, appellant states that he Adoes not
contest the fact that he committed the unlawful act on June 26, 2001, as
charged in the indictment.@ 
Appellant instead argues that his trial counsel was ineffective, that
the jury should have found him not guilty by reason of insanity, that there is
no evidence to establish that he had the ability to commit the act Aknowingly@ or Aintentionally,@ that his sentence
exceeded the maximum allowed by federal law, and that his appellate counsel has
failed to provide effective assistance. 









Pam Eiland testified that she was working at Lyon=s Check Cashing
on June 26, 2001, when appellant approached the store with a friend.  Eiland stated that the store was a Alittle free
standing store.@  The windows in the front were bullet proof
and had two Ateller trays@ in them.  There was also a door that employees used to
enter the building.  Eiland recognized
appellant because he had cashed checks there before.  The last time, appellant brought in a check that the store could
not cash.  Appellant became Akind of...upset@ and had Abanged on the
door.@  Eiland testified that appellant was Avery memorable.@  

On June 26, Eiland was working and her 12-year-old daughter
was in the store with her.  About 2:30
p.m., appellant and his friend came to the store.  Appellant placed an envelope in one of the teller trays.  As Eiland reached for the envelope,
appellant tried to fit a gun into the teller tray.  Eiland thought that appellant was going to shoot the gun.  When the gun would not fit through the
teller tray, appellant pulled the gun out of the teller tray, told Eiland to Agive [him] all
your money,@ and pointed the
gun at Eiland=s face.  Appellant fired the gun at Eiland.  Eiland backed up and went to an area where
she could call 9-1-1.  She could hear
appellant shooting at the door.  Eiland
testified that she was afraid that appellant would kill both her daughter and
her.  

Amanda Michelle Solaczo testified that she was Eiland=s daughter and
that she had been with Eiland at the store the day of the robbery.  Solaczo was in the back watching
television.  A man walked up to the
store and told her mother to give him all of the money.  Next, Solaczo heard a gunshot and saw her
mother step back.  Her mother told her
to Aget down.@  Solaczo heard her mother call the
police.  Then, she heard someone
shooting at the door.  

Three spent bullet cartridges were recovered from the
store.  The store=s surveillance
videotape was introduced into evidence and played for the jury.  Lieutenant Thurman F. Selman, Sr. with the
Lancaster Police Department and Lancaster High School gate guard, Willie Joe
Johnson, identified appellant as the gunman in the videotape.  

After both the State and the defense had closed and outside
the presence of the jury, the trial court stated:

THE COURT:  I want to
just put something on the record.  The
record has shown that [defense counsel] hasn=t asked any questions of the [voir dire]
panel or any of the witnessess, and I wanted to reflect that your position has
always been, [defense counsel], on this case that you were willing to concede
guilt of your client.  Your client
wanted to plead guilty and have me to assess his punishment from the get-go; is
that correct?

 

[DEFENSE COUNSEL]: That is correct, Your Honor.

 








THE
COURT: I mean, basically, we=re having a trial because the State didn=t want to waive
a right to a trial by jury and that=s why this case is being handled the way
it is.   

 

The
trial court asked appellant if this was what 
he wanted.  Appellant answered: AYes.@  The trial court further asked appellant if
he had Aany problems
with the way [his] lawyer [had] been handling [his] case up to this point?@  Appellant responded:  ANo, Your Honor.@ 

At the punishment phase, appellant=s father and
his older sister testified that appellant had always been quiet, a good
student, and athletic in school.  Both
stated that they were shocked at appellant=s behavior.  Appellant=s father stated that, after appellant
graduated from high school in 2000, he Agot to running with the wrong crowd.@  Appellant=s father found out about the aggravated
robbery when he and appellant=s mother recognized appellant on
television.  Appellant=s father stated
that, the day before the aggravated robbery, he had taken appellant to the
hospital because appellant was Ahigh on some type of drugs@ and thought he
was in Heaven.  

Appellant contends that the jury could not find him guilty
because his use of drugs rendered him insane. 
We disagree.  TEX. PENAL CODE ANN
' 8.04 (Vernon
2003) specifically addresses appellant=s argument.  Section 8.04(a) states that voluntary intoxication is not a
defense to the commission of a crime. 
Section 8.04(b) & (c) allows evidence of temporary insanity caused
by intoxication to be admitted to mitigate the penalty assessed.

Pursuant to appellant=s agreement with his trial counsel,
appellant did not challenge the State=s evidence of guilt.  After the jury had convicted appellant,
trial counsel presented mitigating evidence concerning appellant=s use of drugs
on the day before the aggravated robbery as permitted by Section 8.04.  Trial counsel asked the trial court Anot to be
overly punitive with this young man@ and to give him a chance to reform his
life through treatment.  Trial counsel
stressed how out-of-character this behavior was for appellant and argued how
appellant=s use of drugs
the day before had impaired his mental capacity.








The record reflects that trial counsel followed Section 8.04
by presenting the mitigating testimony concerning appellant=s drug use the
day before the aggravated robbery at the appropriate phase of the trial.  The record also reflects that trial counsel=s strategy was
to admit guilt and to ask the trial court for treatment and for leniency.  Appellant told the trial court that he
agreed with this strategy and that he was satisfied with his trial counsel=s
performance.  Strickland v. Washington,
466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999);
Hernandez v. State, 726 S.W.2d 53 (Tex.Cr.App.1986).

In order to determine if the evidence is legally sufficient,
we must review all of the evidence in the light most favorable to the verdict
and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17
S.W.3d 664 (Tex.Cr.App.2000).  In order
to determine if the evidence is factually sufficient, we must review all of the
evidence in a neutral light and determine whether the evidence supporting guilt
is so weak as to render the conviction clearly wrong and manifestly unjust or
whether the evidence supporting guilt, although adequate when taken alone, is
so greatly outweighed by the overwhelming weight of contrary evidence as to
render the conviction clearly wrong and manifestly unjust.  Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson
v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).  The evidence is both legally and factually
sufficient to support the jury=s verdict that appellant was guilty of
knowingly or intentionally committing the aggravated robbery.

Appellant=s contentions in his brief that his use
of drugs rendered him mentally ill are overruled.  Voluntary intoxication could not have relieved appellant of the
criminal liability for the aggravated robbery; therefore, appellate counsel has
not failed to render reasonably effective assistance by not raising the issue
of mental illness on appeal.  Moreover,
appellate counsel properly filed an Anders brief in a situation in which
she could not ethically argue a legitimate issue on appeal.  Appellant=s arguments challenging the effectiveness
of both his trial and appellate counsel are overruled.   








Appellant also contends that the trial court=s sentence of
confinement for 25 years exceeds the maximum allowed by federal law.  Appellant was indicted for committing the
offense of aggravated robbery as defined by Texas law.  TEX. PENAL CODE ANN. ' 29.03 (Vernon
2003) defines the offense and declares it to be a first degree felony.  TEX. PENAL CODE ANN. ' 12.32 (Vernon
2003) provides that the range of punishment for a person convicted of a first
degree felony is confinement for life or for a term of not less than 5 years
and not more than 99 years.  Section
12.32 also provides that an optional fine not to exceed $10,000 may be
assessed.  Appellant=s sentence of
confinement for 25 years is within the range authorized by Texas law and is
supported by the record.  Appellant=s argument is
overruled.

We have considered all of appellant=s complaints in
his pro se brief.  Each contention is
overruled.

Following the procedures outlined in Anders, we have
independently reviewed the record.  We
agree that the appeal is without merit.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

July
17, 2003

Do
not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists
of: Arnot, C.J., and

Wright, J., and
McCall, J.